UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel I. Cox, | Case No. 21-cv-1776 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Department of Human Services, Jane and or John Doe (Department of Human Services Mailroom Supervisor), and Jane/John Doe (Mailroom employee), | |
| Defendants. | |

**IT IS HEREBY ORDERED THAT:**

1. The application to proceed *in forma pauperis* of Plaintiff Samuel I. Cox [ECF No. 5] is **GRANTED**.

2. The U.S. Marshals Service is directed to effect service of process on Defendants "Commissioner of Department of Human Services," "Jane and or John Doe (Department of Human Services Mailroom Supervisor)," and "Jane/John Doe (Mailroom employee)"—all in their official capacity with the State of Minnesota—consistent with Rule 4(j) of the Federal Rules of Civil Procedure.[1]

---

[1] To the extent that Cox seeks to sue any Defendants in their individual capacities, he will need to amend the complaint and specifically identify those individuals. If Cox knows these individuals' names, he can pursue amendment now; he may also elect to pursue amendment later if he needs discovery in order to identify the relevant individuals.

3. Cox's request that this Court appoint him counsel [ECF No. 2] is **DENIED** without prejudice. Appointing counsel in cases such as this one is a matter committed to the trial court's discretion. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the case's factual and legal complexity, a litigant's ability to present his or her claims, and whether both the parties and the Court would benefit from a litigant's representation by counsel. *See McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986). At this point, the Court concludes that Cox appears to have the threshold ability to articulate his claims and argue his positions, and his filings show that he can communicate effectively with the Court. Moreover, the Court is presently satisfied that appointing counsel would not substantially benefit Cox or the Court.

Dated: December __13__, 2021              _____s/ Tony N. Leung_____
                                                                                 Tony N. Leung
                                                                                United States Magistrate Judge
                                                                                District of Minnesota

                                                                                *Cox v. Commissioner of Department of Human Services et al.*
                                                                                Case No. 21-cv-1776 (SRN/TNL)